UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EARL WARNER,

           Plaintiff,

      v.

C. TILESTON, et al.,

           Defendants.

Case No.  16-cv-04100-YGR (PR)

**ORDER OF SERVICE**

## I.  INTRODUCTION

Plaintiff, a state prisoner who is currently incarcerated at the Richard J. Donovan Correctional Facility ("RJDCF"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, stemming from constitutional violations at Salinas Valley State Prison ("SVSP"), where he was previously incarcerated.  His motion for leave to proceed *in forma pauperis* will be granted in a separate written Order.

Plaintiff notes that in 2012, he had attempted to raise the same claims in a previously-filed action, Case No. C 12-6163 YGR (PR).  However, on May 1, 2014,  his civil rights complaint in that previously-filed action was dismissed with leave to amend, and Plaintiff was given twenty-eight days from the date of that Order to correct certain deficiencies.  Dkt. 4 in Case No. C 12-6163 YGR (PR).  Even after being given two extensions of time to file his amended complaint, Plaintiff failed to do so.  Therefore, on October 29, 2014, the Court dismissed his previously-filed action without prejudice to refiling in a new action. Dkt. 11.

Venue is proper because the events giving rise to the claim are alleged to have occurred at SVSP, which is located in this judicial district.  *See* 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names the following Defendants at SVSP and at the California Department of Corrections and Rehabilitation ("CDCR"): Appeal Examiner C. Tileston at the CDCR Office of Inmate Appeals; SVSP Chief Deputy Warden A. Solis; SVSP Classification Services Analyst S. Gomez; SVSP Correctional Counselor II Specialists V. Solis, A. Williams, and E. Medina; SVSP Captain R. Binkle; SVSP Correctional Counselor I Specialist J. Jackson;

1    and SVSP Correctional Officer Muniz.  Plaintiff seeks monetary damages and injunctive relief.

2    **II.    DISCUSSION**

3         **A.    Injunctive Relief Claims**

4         As mentioned above, Plaintiff seeks both injunctive relief and monetary damages.  The

5    jurisdiction of the federal courts depends on the existence of a "case or controversy" under Article

6    III of the Constitution.  *PUC v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996).  A claim is

7    considered moot if it has lost its character as a present, live controversy, and if no effective relief

8    can be granted: "Where the question sought to be adjudicated has been mooted by developments

9    subsequent to filing of the complaint, no justiciable controversy is presented."  *Flast v. Cohen*, 392

10   U.S. 83, 95 (1968).  Where injunctive relief is involved, questions of mootness are determined in

11   light of the present circumstances.  *See Mitchell v. Dupnik*, 75 F.3d 517, 528 (9th Cir. 1996).

12        When an inmate has been transferred to another prison and there is no reasonable

13   expectation nor demonstrated probability that he will again be subjected to the prison conditions

14   from which he seeks injunctive relief, the claim for injunctive relief should be dismissed as moot.

15   *See Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995).  A claim that the inmate might be re-

16   transferred to the prison where the injury occurred is too speculative to overcome mootness.  *Id.*

17        Plaintiff seeks injunctive relief to remedy his alleged injuries stemming from various

18   constitutional violations during his previous incarceration at SVSP.  However, Plaintiff has since

19   been transferred to the RJDCF.  Because Plaintiff is no longer incarcerated at SVSP, his claims for

20   injunctive relief based on his confinement at SVSP are DISMISSED as moot.  The Court proceeds

21   to review Plaintiff's remaining claims for monetary damages.

22        **B.    Claims for Monetary Damages**

23             **1.    Standard of Review**

24        A federal court must conduct a preliminary screening in any case in which a prisoner seeks

25   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

26   § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims

27   that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

28   monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1), (2).  *Pro se*

United States District Court
Northern District of California

2

1  pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

2  Cir. 1988).

3      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements,

4  namely that:  (1) a right secured by the Constitution or laws of the United States was violated, and

5  (2) the alleged violation was committed by a person acting under the color of state law.  *West v.*

6  *Atkins*, 487 U.S. 42, 48 (1988).

7                    **2.  Legal Claims**

8      Plaintiff alleges that (1) all named Defendants acted with deliberate indifference to his

9  safety needs by willfully transferring Plaintiff to Pleasant Valley State Prison where he was likely

10  to suffer "grave personal injury by enemies"; (2) all named Defendants' aforementioned actions

11  were in retaliation for Plaintiff filing grievances; (3) Defendants Medina, Muniz, A. Solis, V.

12  Solis, Jackson, and Tileston violated Plaintiff's right to due process by denying his "appeals

13  concerning safety issued with being transferred to [a] prison[] known to be proliferated with his

14  enemies" because they knew of the aforementioned constitutional violations and did nothing to

15  remedy it; (4) Defendants Gomez, Williams, A. Solis, V. Solis, Medina, and Jackson violated

16  Plaintiff's right to due process by "facilitating [his] removal from the scheduled transportation list,

17  for transfer to [RJDCF], with the aim of causing [him] to be transferred to a prison where he was

18  likely to suffer personal injury" as retaliation for his filing grievances; and (5) Defendants Medina,

19  Solis, Jackson, and Tileston violated Plaintiff's constitutional rights when they "failed to record in

20  [his] Central File Record, [his] safety concerns" as retaliation for his filing grievances.  Dkt. 1 at

21  32-34.  Liberally construed, Plaintiff's claims are cognizable under section 1983.

22  **III.   CONCLUSION**

23      For the foregoing reasons, the Court orders as follows:

24      1.      The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of

25  Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint

26  and all attachments thereto (dkt. 1) and a copy of this Order to the following Defendants at SVSP

27  and at the CDCR: **Appeal Examiner C. Tileston at the CDCR Office of Inmate Appeals;**

28  **SVSP Chief Deputy Warden A. Solis; SVSP Classification Services Analyst S. Gomez; SVSP**

*United States District Court*
*Northern District of California*

3

**Correctional Counselor II Specialists V. Solis, A. Williams, and E. Medina; SVSP Captain R. Binkle; SVSP Correctional Counselor I Specialist J. Jackson; and SVSP Correctional Officer Muniz.**  The Clerk shall also mail a copy of the complaint and a copy of this Order to State Attorney General's Office in San Francisco.  Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, Defendants will be required to bear the cost of such service unless good cause be shown for the failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

3. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

a. No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from

the events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[1] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment).  A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice.  However, the Court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion.  *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an unenumerated Rule 12(b) motion).  Otherwise if a failure to exhaust is not clear on the face of the complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56.  *Id.*  If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment under Rule 56.  *Id.*  But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding.  *Id.* at 1168.

If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

        b.        Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

        c.        Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that—in the rare event that Defendants argue that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court.  Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents— documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein.  As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case.  *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  *Woods*, 684 F.3d at 935.)

United States District Court
Northern District of California

d.      Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

e.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

4.      Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

5.      All communications by Plaintiff with the Court must be served on Defendants or Defendants' counsel, once counsel has been designated, by mailing a true copy of the document to them.

6.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address.  *See* L.R. 3-11(b).

7.      Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated: January 12, 2017

YVONNE GONZALEZ ROGERS
United States District Judge