UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL WARNER,<br>　　　　Plaintiff,<br>　　v.<br>C. TILESTON, et al.,<br>　　　　Defendants. | Case No. 16-cv-04100-YGR (PR)<br><br>**SECOND NOTICE REGARDING INABILITY TO SERVE DEFENDANT A. WILLIAMS** |

　　　　This Order addresses issues regarding service in the above-captioned action.

　　　　In an Order dated March 28, 2017, the Court issued a "Notice Regarding Inability to Serve Defendant A. Williams." Dkt. 30. The Court stated that it had been informed that Defendant Williams "does not work for CDCR/SVSP and [has] no forwarding address." *Id.* (citing Dkt. 27 at 1). Thereafter, the Court acquired Defendant Williams's last known address, and the Clerk of the Court served him at that address under seal. Dkt. 46. However, the prison litigation coordinator indicated that Defendant Williams may have moved out of state, and the last known address may be outdated. On September 14, 2017, the summons mailed to Defendant Williams's last known address was returned as undeliverable because he was "not at [that] address." Dkt. 47.

　　　　As Plaintiff is proceeding *in forma pauperis*, he is responsible for providing the Court with current addresses for all Defendants so that service can be accomplished. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994); *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990). While Plaintiff may rely on service by the United States Marshal, or in this case, the procedure for requesting a defendant to waive the service requirement, "a plaintiff may not remain silent and do nothing to effectuate such service." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). When advised of a problem accomplishing service, a *pro se* litigation must "attempt to remedy any apparent defects of which [he] has knowledge." *Id.* Pursuant to Federal Rule of Civil

Procedure 4(m), if a complaint is not served within 120 days from the filing of the complaint, it may be dismissed without prejudice for failure of service. Fed. R. Civ. P. 4(m) (providing that if service of the summons and complaint is not made upon a defendant in 90 days after the filing of the complaint, the action must be dismissed without prejudice as to that defendant absent a showing of "good cause"); *see also Walker*, 14 F.3d at 1421-22 (prisoner failed to show cause why prison official should not dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official).

No later than **twenty-eight (28) days** from the date of this Order, Plaintiff must provide the Court with a current address for Defendant Williams. Plaintiff should review the federal discovery rules, Rules 26-37 of the Federal Rules of Civil Procedure, for guidance about how to determine the current address of this Defendant.

**If Plaintiff fails to provide the Court with the current address of Defendant Williams within the twenty-eight-day deadline, all claims against this Defendant will be dismissed without prejudice under Rule 4(m).**

IT IS SO ORDERED.

Dated: November 17, 2017

YVONNE GONZALEZ ROGERS
United States District Court Judge