UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL WARNER,<br><br>    Plaintiff,<br><br>    v.<br><br>C. TILESTON, et al.,<br><br>    Defendants. | Case No. 16-cv-04100-YGR (PR)<br><br>**ORDER ADDRESSING PLAINTIFF'S PENDING MOTION** |

Before the Court is Plaintiff's motion to compel discovery. Dkt. 38. It is not an effective or appropriate use of the Court's limited resources for it to oversee all aspects of discovery. Thus, before filing a motion to compel, the moving party must first attempt to resolve the dispute informally with the opposing party. It is only when the parties are unable to resolve the dispute after making a good faith effort to do so should they seek the Court's intervention. *See* Fed. R. Civ. P. 37(a)(2)(B); N.D. Cal. Local Rule 37-1. Because Plaintiff is incarcerated, he is not required to meet and confer with Defendants in person. Rather, if Plaintiff's discovery requests are denied and he intends to pursue a motion to compel, he need only send a letter to Defendants to that effect, offering them one last opportunity to provide him the sought-after information. The letter should state the specific discovery he seeks, and state the reasons that Plaintiff believes he is entitled to such discovery.

Defendants have opposed Plaintiff's motion to compel, claiming that Plaintiff failed to "meet and confer" with them about certain discovery requests. *See* Dkt. 40. Since filing their opposition, Defendants have filed a motion for summary judgment, which includes various declarations and exhibits. Dkt. 49.

No later than **fourteen (14) days** of the date of this Order, Defendants shall explain whether they have already produced some of the discovery Plaintiff is seeking, or are in the process of obtaining records in response to some of Plaintiff's requests. After the Court receives Defendants' response, it will then resolve the pending motion to compel discovery.

IT IS SO ORDERED.

Dated: January 23, 2018

YVONNE GONZALEZ ROGERS
United States District Judge