UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EARL WARNER,

    Plaintiff,

v.

C. TILESTON, et al.,

    Defendants.

Case No. 16-cv-04100-YGR (PR)

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL; GRANTING PLAINTIFF LEAVE TO FILE SUPPLEMENTAL OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; SETTING NEW BRIEFING SCHEDULE; AND ORDER REGARDING THIRD NOTICE TO PLAINTIFF REGARDING INABILITY TO SERVE DEFENDANT A. WILLIAMS**

## I. PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Before the Court is Plaintiff's motion to compel discovery. Dkt. 38. Defendants have opposed Plaintiff's motion to compel, claiming that Plaintiff failed to "meet and confer" with them about certain discovery requests. *See* Dkt. 40. Since filing their opposition, Defendants have filed a motion for summary judgment, which includes various declarations and exhibits. Dkt. 49.

In an Order dated January 23, 2018, the Court directed Defendants to explain whether they have already produced some of the discovery Plaintiff is seeking, or are in the process of obtaining records in response to some of Plaintiff's requests. *See* Dkt. 67. Defendants have since filed a response to the Court's January 23, 2010 Order. Dkt. 69.

Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery. For Plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (questions asking for specific, factual responses) directly to Defendants' counsel. *See* Fed. R. Civ. P. 33-34. The scope of discovery is limited to matters "relevant to the claim or defense of any party . . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Discovery may be further limited by court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2).

It is not an effective or appropriate use of the Court's limited resources for it to oversee all aspects of discovery. Thus, before filing a motion to compel, the moving party must first attempt to resolve the dispute informally with the opposing party. It is only when the parties are unable to resolve the dispute after making a good faith effort to do so should they seek the Court's intervention. *See* Fed. R. Civ. P. 37(a)(2)(B); N.D. Cal. Local Rule 37-1. Because Plaintiff is incarcerated, he is not required to meet and confer with Defendants in person. Rather, if Plaintiff's discovery requests are denied and he intends to pursue a motion to compel, he need only send a letter to Defendants to that effect, offering them one last opportunity to provide him the sought-after information. The letter should state the specific discovery he seeks, and state the reasons that Plaintiff believes he is entitled to such discovery.

Here, Plaintiff did not meet and confer with Defendants as to most of his discovery requests, which would have afforded them with a final opportunity to address each request upon which he now asks the Court to rule. Plaintiff only sought to meet and confer about the last-known contact information for unserved Defendant A. Williams. As Defendants have since provided the Court with Defendant Williams's last-known address (*in camera*) such a request is now moot. *See* Dkt. 40 at 4, Dkt. 46. Furthermore, the Court notes that the present motion to compel was filed before Defendants pending motion for summary judgment was filed. It may be that Plaintiff obtained some sought-after discovery after Defendants filed their motion for summary judgment and accompanying exhibits. In addition, the record shows that Plaintiff has since filed an opposition to Defendants' motion, his declaration, a request for judicial notice, and multiple exhibits in support of his opposition. Dkts. 62, 63, 64. Plaintiff has also filed a document entitled, "Plaintiff's Declaration Re: Discovery In Support of Opposition to Motion for Summary Judgment." Dkt. 70. In this filing, Plaintiff claims that he "had requested additional discovery from the Defendant[s] need to support his argument(s) in opposition to the Motion for Summary Judg[]ment." *Id.* at 1. Plaintiff indicates that on January 28, 2018, he had sent a letter to Defendants "informing [them] that the [discovery] respon[s]es were incomplete, and requesting

2

that they be supplemented." *Id.* Plaintiff claims that on February 13, 2018, he received a response from Defendants "indicating that [their] counsel is '. . . [i]n the process of evaluating' the Plaintiff's letter." *Id.* at 1-2. Therefore, it is evident that at this time, the parties are in need of more time to conduct further discovery, and they are somehow able to meet and confer. Thus, any remaining discovery issues may soon be moot. For these reasons, Plaintiff's motion to compel is DENIED as premature. Dkt. 38. The Court will also set a discovery cut-off date. Because certain discovery requests may still be pending, the Court GRANTS Plaintiff leave to file a supplemental opposition after discovery is complete. The parties are directed to abide by the briefing schedule outlined below.

## II. INEFFECTIVE SERVICE ON DEFENDANT WILLIAMS

In an Order dated March 28, 2017, the Court issued a "Notice Regarding Inability to Serve Defendant A. Williams." Dkt. 30. The Court stated that it had been informed that Defendant Williams "does not work for CDCR/SVSP and [has] no forwarding address." *Id.* (citing Dkt. 27 at 1). Thereafter, as mentioned above, Defendants provided the Court with Defendant Williams's last-known address, and the Clerk re-served this Defendant. *See* Dkt. 46. However, the prison litigation coordinator indicated that Defendant Williams may have moved out of state, and the last known address may be outdated. On September 14, 2017, the summons mailed to Defendant Williams's last known address was returned as undeliverable because he was "not at [that] address." Dkt. 47.

On November 17, 2017, the Court issued its "Second Notice Regarding Inability To Serve Defendant A. Williams." Dkt. 58. The Court directed Plaintiff to provide it with a current address for Defendant Williams. *Id.* at 1. To date, Plaintiff has not provided the Court with a current address for Defendant Williams.

While Plaintiff may rely on service by the United States Marshal, "a plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). If the marshal is unable to effectuate service and the plaintiff is so informed, the plaintiff must seek to remedy the situation or face dismissal of the claims regarding that defendant under Federal Rule of

3

Civil Procedure 4(m). *See* Fed. R. Civ. P. 4(m) (If service of the summons and complaint is not made upon a defendant in 90 days after the filing of the complaint, the action must be dismissed without prejudice as to that defendant absent a showing of "good cause."). No later than **twenty-eight (28) days** from the date of this Order, Plaintiff must provide the Court with a current address for Defendant Williams, as directed below.

### III. CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Plaintiff's motion to compel discovery is DENIED as premature. Dkt. 38. As mentioned above, the parties are still engaged in discovery. In the interests of justice, the Court sets a discovery cut-off date of **twenty-eight (28) days** from the date of this Order. The Court also GRANTS Plaintiff leave to file a supplemental opposition after discovery is complete. (Again, the parties are to abide by the new briefing schedule below.) If Plaintiff attempts to meet and confer with Defendants regarding requests for the production of documents and is not satisfied with the result he may file a renewed discovery motion. But in no event shall Plaintiff file such a motion until after he has reviewed Defendants' response to his January 28, 2018 letter, which should be forthcoming. *See* Dkt. 70 at 1-2.

2. No later than **twenty-eight (28) days** from the date of this Order, Plaintiff must provide the Court with a current address for Defendant Williams. Plaintiff should review the federal discovery rules, Rules 26-37 of the Federal Rules of Civil Procedure, for guidance about how to determine the current address of Defendant Williams. **If Plaintiff fails to provide the Court with the current address of Defendant Williams within the twenty-eight-day deadline, all claims against Defendant Williams will be dismissed without prejudice under Rule 4(m).**

3. The parties shall abide by the following briefing schedule:

    a. The discovery cut-off date is **twenty-eight (28) days** from the date of this Order;

    b. Plaintiff's supplemental opposition to Defendants' motion for summary judgment shall be filed with the Court and served on Defendants no later than **sixty (60) days** after the date of this Order;

    c. Defendants shall file a supplemental reply brief no later than **fourteen (14)**

**days** after the date Plaintiff's opposition is filed.

        d.     **No further extensions of time will be granted absent extraordinary circumstances.**

    4.     This Order terminates Docket No. 38.

IT IS SO ORDERED.

Dated: March 6, 2018

_____
YVONNE GONZALEZ ROGERS
United States District Judge